**Mayfield & Associates - Attorneys at Law**
Gayle Mayfield-Venieris, Esq., Bar No. 149296
mayfield@mayfield-law.com
Melissa L. Bustarde, Esq., Bar. No. 239062
bustarde@mayfield-law.com
Christopher Y. Lock, Esq., Bar. No. 246815
lock@mayfield-law.com
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066
Tel: (858) 793-8090; Fax: (858) 793-8099

Attorneys for: Material Witnesses ALVARO DELRIO-GARCIA, FIDEL LOPEZ-PAYAN, JORGE LOPEZ-TISCARENO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RENE GONZALEZ-LANDEROS (1),<br><br>GERARDO CORTEZ-COPADO (2),<br><br>Defendants. | Criminal Case No. 08 cr 2528-JLS<br>Mag. Docket No.   08 mj 20263<br><br>**NOTICE OF MOTION AND MOTION FOR VIDEO DEPOSITION AND RELEASE OF MATERIAL WITNESSES ALVARO DELRIO-GARCIA, FIDEL LOPEZ-PAYAN, AND JORGE LOPEZ-TISCARENO**<br><br>JUDGE:   Hon. Barbara L. Major<br>CRTRM:  Courtroom 5, Third Floor<br><br>DATE: August _18, 2008<br>TIME:  8:30 a.m. |

TO KAREN P. HEWITT, UNITED STATES ATTORNEY, ALESSANDRA SERANO, ASSISTANT UNITED STATES ATTORNEY, SHAFFY MOEEL, ESQ., COUNSEL FOR DEFENDANT RENE GONZALEZ-LANDEROS, AND DAVID L. BAKER, ESQ., COUNSEL FOR DEFENDANT GERARDO CORTEZ-COPADO.

**PLEASE TAKE NOTICE** that on **August 18, 2008**, at **8:30 a.m.**, Gayle Mayfield-Venieris, Esq., counsel for the material witnesses ALVARO DELRIO-GARCIA ("**DELRIO**"), FIDEL LOPEZ-PAYAN ("**LOPEZ**"), JORGE LOPEZ-TISCARENO ("**JORGE**") will move

**1 of 2**

United States v. GONZALEZ-Landeros, et al.  (08 mj 2026)(08 cr 2528-JLS)
Notice of Motion & Motion for Video Deposition and Release of Material Witness

1  this Court for an order to take the video deposition of the material witnesses, and for their
2  immediate release.

3  **MOTION**

4  Material witnesses DELRIO, LOPEZ, and JORGE, through their counsel, Gayle
5  Mayfield-Venieris, and pursuant to Federal Rules of Criminal Procedure, Rule 15, 18 U.S.C. §§
6  3142 and 3144, hereby move this Court for an order to take their deposition by videotape and
7  release them at the conclusion of the deposition.
8  This Motion is based on this Notice and the Memorandum of Points and Authorities
9  attached and filed herewith, the records of the above-entitled case, and all matters submitted to
10 the Court prior to the determination of this Motion.

12 Dated:  August 6, 2008                    Mayfield & Associates

14                                           By:  /s/ Gayle Mayfield-Venieris
                                                  Gayle Mayfield-Venieris, Esq.
15                                                Attorney for Material Witnesses
                                                  ALVARO DELRIO-GARCIA, FIDEL
16                                                LOPEZ-PAYAN, JORGE LOPEZ-
                                                  TISCARENO

Mayfield & Associates
Attorneys at Law
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066

**2 of 2**

United States v. GONZALEZ-Landeros, et al.  (08 mj 2026)(08 cr 2528-JLS)
Notice of Motion & Motion for Video Deposition and Release of Material Witness

Mayfield & Associates - Attorneys at Law
Gayle Mayfield-Venieris, Esq., Bar No. 149296
mayfield@mayfield-law.com
Melissa L. Bustarde, Esq., Bar. No. 239062
bustarde@mayfield-law.com
Christopher Y. Lock, Esq., Bar. No. 246815
lock@mayfield-law.com
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066
Tel: (858) 793-8090; Fax: (858) 793-8099

Attorneys for: Material Witnesses ALVARO DELRIO-GARCIA, FIDEL LOPEZ-PAYAN, JORGE LOPEZ-TISCARENO

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RENE GONZALEZ-LANDEROS (1),<br><br>GERARDO CORTEZ-COPADO (2),<br><br>Defendants. | Criminal Case No. 08 cr 2528-JLS<br>Mag. Docket No.   08 mj 2026<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR VIDEO DEPOSITION AND RELEASE OF MATERIAL WITNESSES ALVARO DELRIO-GARCIA, FIDEL LOPEZ-PAYAN, AND JORGE LOPEZ-TISCARENO**<br><br>JUDGE:  Hon. Barbara L. Major<br>CRTRM:  Courtroom 5, Third Floor<br><br>DATE:  August 18, 2008<br>TIME:   8:30 a.m. |

Material witnesses ALVARO DELRIO-GARCIA ("**DELRIO**"), FIDEL LOPEZ-PAYAN ("**LOPEZ**"), JORGE LOPEZ-TISCARENO ("**JORGE**") by and through their designated counsel, GAYLE MAYFIELD-VENIERIS, submit the following Memorandum of Points and Authorities in support of their Motion for Videotape Deposition and Release at the conclusion thereof.

///

///

///

# TABLE OF CONTENTS

I. STATEMENT OF FACTS ............................................................................................... 3

II. SUMMARY OF ARGUMENT ........................................................................................ 3

III. POINTS AND AUTHORITIES ...................................................................................... 3

   A.   Deposition is Mandated by Statute ......................................................................... 3

       1)   **18 U.S.C.S. § 3144** ............................................................................................ 3

       2)   **Federal Rule of Criminal Procedure 15** .................................................... 4

       3)   **Defendant Has Not Met His Burden to Defeat the Motion for Video Deposition** 4

   B.   A Material Witness Does Not Have to Show Exceptional Circumstances To Request A Videotape Deposition.......................................................................................... 6

   C.   Deposition Preserves Defendants' Rights ............................................................... 7

       1)   **Deposition Preserves Defendant's Sixth Amendment Right to Confrontation** ... 7

       2)   **Deposition Preserves Defendant's Sixth Amendment Right to Compulsory Process** ............................................................................................................... 9

       3)   **Deposition Preserves Defendant's Fifth Amendment Right to Due Process** ..... 10

IV. CONCLUSION ............................................................................................................... 11

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
380 STEVENS AVENUE, SUITE 314
SOLANA BEACH, CA 92075-2069

**I.**

**STATEMENT OF FACTS**

Material witnesses ALVARO DELRIO-GARCIA ("**DELRIO**"), FIDEL LOPEZ-PAYAN ("**LOPEZ**"), JORGE LOPEZ-TISCARENO ("**JORGE**") were apprehended on July 1, 2008, in Campo, CA by United States Border Patrol. Defendants, GERARDO CORTEZ-COPADO and RENE GONZALEZ-LANDEROS are charged with bringing in illegal aliens for financial gain in violation of Title 8, United States Code, Section 1324 (a)(2)(B)(ii) and bringing in illegal aliens without presentation in violation of Title 8, United States Code, Section 1324 (a)(2)(B)(iii). Material witnesses DELRIO, LOPEZ, and JORGE remain in custody and have no prospects for securing release on bond.

**II.**

**SUMMARY OF ARGUMENT**

No material witness may be held in custody merely because he cannot provide surety for a bond. Once the material witness moves to take his own videotape deposition, the court must order a video deposition unless the opposing party meets its burden to show video deposition and release of the material witness would result in a failure of justice. While the defendant has made no showing of a failure of justice, DELRIO, LOPEZ, and JORGE have been unable to secure bond during the four weeks they have been in custody. Thus, given the defendants' inability to show a failure of justice, the material witnesses must be immediately deposed and released.

**III.**

**POINTS AND AUTHORITIES**

*A.   Deposition is Mandated by Statute*

   **1)   18 U.S.C.S. § 3144**

Congress specifically enacted a statute to deal with the issue presented in this case, i.e., material witnesses who remain incarcerated owing solely to their inability to secure bond. In unmistakably plain language, Congress outlawed prolonged incarceration of such persons without substantial justification. "No material witness may be detained because of inability to

**3 of 11**

United States v. GONZALEZ-Landeros, et al.   (08 mj 2026)(08 cr 2528-JLS)
Points and Authorities in Support of Motion for Video Deposition and Release of Material Witness

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

1 comply with any condition of release if the testimony of such witness can be secured by
2 deposition, and if further detention is not necessary to prevent a failure of justice." *18 U.S.C*
3 § 3144.  "Upon such a showing, the district court must order [the witness'] deposition and
4 prompt release." *Torres-Ruiz v. United States District Court for the Southern District of*
5 *California*, 120 F.3d 933, 935 (9th Cir. 1997) (*quoting Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 413
6 (5th Cir. 1992)) (emphasis in original).

**2)    Federal Rule of Criminal Procedure 15**

Federal Rules of Criminal Procedure, Rule 15(a)(2), provides that

> A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties.  The court may then order that the deposition be taken and may discharge the witness after the witness signs under oath the deposition transcript.

Under such circumstances, "[i]f the deposition would prove admissible over any objection under the Confrontation Clause of the United States Constitution or the Federal Rules of Evidence, then the material [witness] must be deposed rather than detained." *Aguilar-Ayala*, 973 F.2d at 413 (emphasis added).

Prolonged incarceration of DELRIO, LOPEZ, and JORGE solely because of their inability to secure bond thus violates the clearly stated intent of Congress and straightforward rulings by the Court of Appeals prohibiting such practices.  "[I]t is clear from a conjunctive reading [of Rule 15(a)] with [Section] 3144 that the discretion to deny the motion is limited to those instances in which the deposition would not serve as an adequate substitute for the witness' live testimony: that a failure of justice would ensue were the witness released.  Absent a failure of justice, the witness must be released." *Torres-Ruiz*, 120 F.3d at 935 (*citing Aguilar-Ayala*, at 413 (internal citations and quotations omitted).

**3)    Defendant Has Not Met His Burden to Defeat the Motion for Video Deposition**

To defeat a motion for video deposition of a material witness, the burden is on the opposing party to show admission of deposition testimony will result in a "failure of justice."  18

**4 of 11**

United States v. GONZALEZ-Landeros, et al.  (08 mj 2026)(08 cr 2528-JLS)
Points and Authorities in Support of Motion for Video Deposition and Release of Material Witness

1  U.S.C.S. § 3144; *Torres-Ruiz*, at 935.  To meet this burden, the defendant must make a plausible

2  showing the witness' testimony would be both material and favorable to his defense.  *See United*

3  *States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982).

4  In *Valenzuela-Bernal*, the defendant was charged with transporting an illegal alien.

5  *Valenzuela-Bernal*, 458 U.S. at 860.  The Government detained the illegal alien as a material

6  witness (Witness No. 1) but deported two other witnesses (Witnesses Nos. 2 and 3) (also illegal

7  aliens) before defendant was able to interview them.  *Id*. at 861.  Defendant appealed, claiming

8  deportation of Witnesses Nos. 2 and 3 deprived him of the opportunity to determine whether

9  their testimony would aid his defense.  *Id*.  According to the Supreme Court, even though the

10 defendant knew what Witnesses 2 and 3 might have said to him to indicate whether Witness No.

11 1 had legal status to be present in this country, the defendant failed to show how the deported

12 witnesses' testimony would have been helpful to his defense.  *Id*. at 874.

> [I]t should be remembered that [defendant] was present throughout the commission of this crime.  No one knows better than he what the deported witnesses actually said to him, or in his presence, that might bear upon whether he knew that [Witness No. 1] was an illegal alien who had entered the country within the past three years.  And, in light of the actual charge made in the indictment, it was only the status of [Witness No. 1] which was relevant to the defense. [Witness No. 1], of course, remained fully available for examination by the defendant and his attorney.  We thus conclude that the [defendant] can establish no Sixth Amendment violation without making some plausible explanation of the assistance he would have received from the testimony of the deported witnesses.

20 *Valenzuela-Bernal*, 458 U.S. at 871.

21 The Supreme Court's reasoning applies with even greater force in this case.  In

22 *Valenzuela-Bernal*, the witnesses were deported before the defendant had the opportunity to

23 interview them.  Here, the defendants have had the opportunity to interview the material

24 witnesses while they have been incarcerated for the past four weeks.  Despite this opportunity,

25 the defendants have produced no evidence, nor have the defendants made any showing the

26 witnesses have material information helpful to the defense.  In short, the defendants have made

27 no showing of a failure of justice.  Consequently, the material witnesses must be deposed and

28 released.

**5 of 11**

United States v. GONZALEZ-Landeros, et al.  (08 mj 2026)(08 cr 2528-JLS)
Points and Authorities in Support of Motion for Video Deposition and Release of Material Witness

Mayfield & Associates
Attorneys at Law
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066

1  ***B.     A Material Witness Does Not Have to Show Exceptional Circumstances To***
2  ***Request A Videotape Deposition.***

3  The plain language of Federal Rules of Criminal Procedure, Rule 15(a)(2) demonstrates that a material witness who files a motion for his own deposition is not required to demonstrate exceptional circumstances. Where a material witness moves for a Rule 15 deposition, he need not show such "exceptional circumstances." *United States v. Chen*, 214 F.R.D. 578, 579 (N.D. Cal. 2003); *see also, Aguilar-Ayala v. Ruiz*, 973 F.2d at 420 (5th Cir. 1992) (ff. 6); *United States v. Allie*, 978 F.2d 1401, 1404 (5th Cir. 1992).

"Witnesses detained under § 3144 are <u>explicitly excepted</u> from demonstrating exceptional circumstances to effectuate their own deposition." *Aguilar-Ayala v. Ruiz*, 973 F.2d at 420 (5th Cir. 1992) (ff. 6)(emphasis added); *see also, United States v. Allie*, 978 F.2d 1401, 1404 (5th Cir. 1992). Indeed, Rule 15(a)(2), which addresses the process for a detained material witness to seek a deposition, does not even mention exceptional circumstances.

The confusion regarding the requirement of exceptional circumstances was clarified in 2002 when Congress amended Rule 15(a) to distinguish motions brought by material witnesses for depositions from motions brought by other parties, *United States v. Chen*, 214 F.R.D. at 580 (ff. 2), thus implying that motions for a deposition brought by a material witness does not require a showing of exceptional circumstances. "Before the amendment, it was unclear whether the 'exceptional circumstances' standard applied when a material witness moved for a deposition. The amendment makes clear that this heightened standard only applies to a motion made by a *party*." *United States v. Chen*, 214 F.R.D. at 580 (ff. 2)(emphasis in original). Only Rule 15(a)(1), which addresses where a <u>party</u> seeks a deposition of a prospective witness, addresses the exceptional circumstances requirement. Thus, it is only where <u>parties other than the detained material witness</u> file a motion for the witness' deposition that a showing of exceptional circumstances is required. *See, Fed. Rule Crim. Pro., Rule 15(a)(1)*; *see also, Chen*, 214 F.R.D. at 579; *Allie*, 978 F.2d at 1404.

Therefore, material witnesses DELRIO, LOPEZ, and JORGE do not have to make a showing of exceptional circumstances.

**6 of 11**

United States v. GONZALEZ-Landeros, et al.  (08 mj 2026)(08 cr 2528-JLS)
Points and Authorities in Support of Motion for Video Deposition and Release of Material Witness

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

### C.  *Deposition Preserves Defendants' Rights*

#### 1)  **Deposition Preserves Defendant's Sixth Amendment Right to Confrontation**

Under ideal circumstances, the material witness would be deposed and released and would subsequently return for the defendant's trial.  The Office of the United States Attorney in fact employs well-established procedures to ensure such a result.  Prior to release, the Government is required to serve each material witness with a subpoena for the trial date and a travel fund advance letter.  Thus, under ideal circumstances, each material witnesses would return for trial and questions about preserving defendants' right to confront and cross-examine the material witnesses would be moot.

Even if the material witnesses do not return for trial, their deposition will be admissible in lieu of live testimony.  *See Rivera*, at 1207.  Admission of prior-recorded testimony by a witness who is unavailable for trial has in fact been upheld for more than a century.  In 1895, the Supreme Court held admission of testimony given at a defendant's first trial by a witness who died before the second trial did not violate the confrontation clause.  *Mattox v. United States*, 156 U.S. 237 (1895).  Since that time, courts have consistently upheld the principle that prior-recorded testimony later admitted at trial does not violate a defendant's Sixth Amendment confrontation rights so long as: (1) there is some exceptional circumstance where, in the interests of justice, it is necessary to take and preserve testimony outside the court; (2) the prior testimony was given at a hearing, proceeding or deposition; (3) an authorized person put the witness under oath; (4) the defendant had the right to be present; (5) the defendant was represented by counsel who was given a complete and adequate opportunity to cross-examine the witness; and (6) the witness meets the criteria for unavailability.  *See* Fed. R. Civ. P. 28 and 30; Fed. R. Evid. 804(a); *see also California v. Green*, 399 U.S. 149, 165-166 (1970); *Torres-Ruiz* at 933; *Aguilar-Ayala* at 413.

As shown above, this case, the interests of justice mandate taking and preserving the material witnesses' testimony outside the court, i.e., by video deposition.  The defendants' rights under the Sixth Amendment are preserved by the statutory requirements for a deposition,

**7 of 11**

United States v. GONZALEZ-Landeros, et al.  (08 mj 2026)(08 cr 2528-JLS)
Points and Authorities in Support of Motion for Video Deposition and Release of Material Witness

including the presence of a person authorized to put the witness under oath, the defendant's right to be present, the defendant's right to be represented by counsel, and the defendant's right to completely and adequately cross-examine the witness. *See* Fed. R. Civ. P. 28 and 30. Moreover, these procedural requirements provide a sufficient indicia of reliability to "[a]fford the trier of fact a satisfactory basis for evaluating the truth of the prior statement," further protecting defendant's rights under the confrontation clause. *California v. Green*, 399 U.S. at 161.

Finally, if a material witness fails to return for trial, the deposition will be admissible, as the material witness would meet the requirements for unavailability. In the context of this case, an unavailable witness is one who is out of the United States, providing the absence of the witness was not procured by the party offering the deposition, or a witness whose attendance cannot be procured by subpoena. *See* Fed. R. Crim. P. 15; Fed. R. Evid. 804(a). Where a material witness has left the United States voluntarily or even by forced deportation, the witness' later absence from trial does not violate the defendant's rights under the confrontation clause provided the Government makes a reasonable effort to assure the witness' attendance at trial. *Aguilar-Ayala*, at 418 (*quoting Ohio v. Roberts*, 448 U.S. 56, 65 (1980)); *see also Rivera*, at 1207.

In *U.S. v. Eufracio-Torres*, before the material witnesses were forcibly deported, the Government, using procedures similar to those presently employed in the Southern District of California, served them with trial subpoenas and instructed them on how to return for trial and obtain the necessary travel funds. *U.S. v. Eufracio-Torres,* 890 F. 2d 266, 270 (1989). Although the witnesses did not appear for trial, the Court of Appeals held their deposition testimony was admissible under such circumstances, where the Government used "good faith" and "reasonable means" to assure that the witnesses would attend trial. *U.S. v. Eufracio-Torres,* 890 F. 2d at 271. "So long as the government has employed reasonable measures to secure the witness' presence at trial, the fact that the witness has nevertheless failed to appear will not preclude the admission of deposition testimony. Such a witness will be deemed 'unavailable' and the deposition is admissible over the defendant's Confrontation Clause and hearsay objections." *Aguilar-Ayala*, at 418 (*quoting Ohio v. Roberts*, 448 U.S. at 65); *see also* Fed. R. Evid. 804(a).

**8 of 11**

United States v. GONZALEZ-Landeros, et al.  (08 mj 2026)(08 cr 2528-JLS)
Points and Authorities in Support of Motion for Video Deposition and Release of Material Witness

1  Thus, even if the United States Attorney's reasonable and well-established procedures
2  fail to obtain the material witnesses' attendance at trial, statutory procedures for the taking of the
3  deposition preserves defendants' Sixth Amendment confrontation rights, and the deposition will
4  be admissible at trial.

5  **2)    Deposition Preserves Defendant's Sixth Amendment Right to**
6  **Compulsory Process**

7  "The only recent decision of this Court dealing with the right to compulsory process
8  guaranteed by the Sixth Amendment suggests that more than the mere absence of testimony is
9  necessary to establish a violation of the right." *See Valenzuela-Bernal*, at 867 (witnesses
10  deported before interviewed by defendant). "Indeed, the Sixth Amendment does not by its terms
11  grant to a criminal defendant the right to secure the attendance and testimony of any and all
12  witnesses: it guarantees him 'compulsory process for obtaining witnesses in his favor.'"
13  *Valenzuela-Bernal*, at 867, (*quoting* U.S. Const., Amdt. 6). "[D]efendant cannot establish a
14  violation of his constitutional right to compulsory process merely by showing that deportation of
15  the [witness] deprived him of [his] testimony. He must at least make some plausible showing of
16  how [his] testimony would have been both material and favorable to his defense." *See*
17  *Valenzuela-Bernal*, at 867 (emphasis added); *see also* Fed. R. Crim. P. 17(b) (requiring
18  Government to subpoena witnesses on behalf of indigent defendants "upon a satisfactory
19  showing . . . that the presence of the witness is necessary to an adequate defense.").

20  In this case, material witnesses DELRIO, LOPEZ, and JORGE have been in custody
21  since July 1, 2008. Since that time, the material witnesses have been available for interview by
22  both defense counsels and the Assistant United States Attorney, who thus have had an ample
23  opportunity to ascertain the substance of any testimony the material witnesses might provide at
24  trial. Because the material witnesses' testimony can be adequately preserved by video deposition
25  and they are subject to the subpoena power of this Court, further detention is not necessary to
26  prevent a failure of justice.

27  Moreover, a guarantee from the Government that the material witness will return for trial
28  is not a prerequisite for an order for video deposition. The Government is required only to use

**9 of 11**

United States v. GONZALEZ-Landeros, et al.   (08 mj 2026)(08 cr 2528-JLS)
Points and Authorities in Support of Motion for Video Deposition and Release of Material Witness

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

1 reasonable means to insure the appearance of the material witness. *See Aguilar-Ayala*, at 418.

2 "We gather from these cases that deposition testimony is admissible only if the government has

3 exhausted reasonable efforts to assure that the witness will attend trial. The ultimate success or

4 failure of those efforts is not dispositive. So long as the government has employed reasonable

5 measures to secure the witness' presence at trial, the fact that the witness has nevertheless failed

6 to appear will not preclude the admission of deposition testimony. Such a witness will be

7 deemed 'unavailable.'" *Aguilar-Ayala*, at 418 (*citing Ohio v. Roberts*, at 65). Because the

8 material witnesses' testimony can be adequately preserved by video deposition and they are

9 subject to the subpoena power of this Court, the defendants' rights to compulsory process are

10 protected and the Court must order the deposition and release of the material witnesses.

11 **3)    Deposition Preserves Defendant's Fifth Amendment Right to Due**
12 **Process**

13     "Due process guarantees that a criminal defendant will be treated with 'that fundamental

14 fairness essential to the very concept of justice. In order to declare a denial of it we must find

15 that the absence of that fairness fatally infected the trial; the acts complained of must be of such

16 quality as necessarily prevents a fair trial." *Valenzuela-Bernal*, at 872, (*quoting Lisenba v.

17 California*, 314 U.S. 219, 236 (1941)). In another context, the Supreme Court held that instances

18 where the Government withholds evidence required by statute to be disclosed constitute due

19 process violations only when they "so infect the fairness of the trial as to make it 'more a

20 spectacle or trial by ordeal than disciplined contest.'" *Valenzuela-Bernal*, at 872, (*quoting

21 United States v. Augenblick*, 393 U.S. 348, 356 (1969)) (citations omitted). For there to be a due

22 process violation by release of the material witnesses in this case, the defendant must provide

23 "some explanation of how their testimony would have been favorable and material." *Id*.

24 ///
25 ///
26 ///
27 ///
28 ///

**10 of 11**

United States v. GONZALEZ-Landeros, et al.  (08 mj 2026)(08 cr 2528-JLS)
Points and Authorities in Support of Motion for Video Deposition and Release of Material Witness

## IV.

### CONCLUSION

Based on the discussion above, material witnesses DELRIO, LOPEZ, and JORGE respectfully move the Court for an order requiring their video deposition to be taken as soon as possible, and for their immediate release from custody upon conclusion of the deposition.

Dated:  August 6, 2008                    Mayfield & Associates


                                          By: /s/ Gayle Mayfield-Venieris
                                              Gayle Mayfield-Venieris, Esq.
                                              Attorney for Material Witnesses
                                              ALVARO DELRIO-GARCIA, FIDEL
                                              LOPEZ-PAYAN, JORGE LOPEZ-
                                              TISCARENO
                                              federal@mayfield-law.com

**11 of 11**

United States v. GONZALEZ-Landeros, et al.  (08 mj 2026)(08 cr 2528-JLS)
Points and Authorities in Support of Motion for Video Deposition and Release of Material Witness

**Mayfield & Associates - Attorneys at Law**
Gayle Mayfield-Venieris, Esq., Bar No. 149296
mayfield@mayfield-law.com
Melissa L. Bustarde, Esq., Bar. No. 239062
bustarde@mayfield-law.com
Christopher Y. Lock, Esq., Bar. No. 246815
lock@mayfield-law.com
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066
Tel: (858) 793-8090; Fax: (858) 793-8099

Attorneys for: Material Witnesses ALVARO DELRIO-GARCIA, FIDEL LOPEZ-PAYAN, JORGE LOPEZ-TISCARENO

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RENE GONZALEZ-LANDEROS (1),<br><br>GERARDO CORTEZ-COPADO (2),<br><br><br>Defendants. | Criminal Case No. 08 cr 2528-JLS<br>Mag. Docket No.  08 mj 2026<br><br>**PROOF OF SERVICE VIA E-FILE**<br>**[Fed. R. Civ. Pro. 4, Local Rule 5]** |

I, Melissa L. Bustarde, Esq., declare as follows:

1.    I am over eighteen years of age and not a party to the above-referenced action; my business address is 462 Stevens Avenue, Suite 303, Solana Beach, CA 92075-2066. I am employed in San Diego County, California.

2.    On August 6, 2008, I filed the following document on the Court's CM/ECF system in Case No. 08 mj 2026/08 cr 2528-JLS. The following counsel were electronically served with the following documents via the CM/ECF system pursuant to Local Rule 5.4(c):

///

United States v. Gonzales Landeros (08 mj 2026)/(08 cr 2528-JLS)
United States v. Cortez-Copado (08 mj 2026)/(08 cr 2528-JLS)
1 of 2    Proof of Service Via E-File

- **Motion to Shorten Time**
- **Notice of Motion and Motion to take Deposition by Video**
- **Points and Authorities in Support of Motion for Video Deposition**

Alessandra Serano, A.U.S.A          Shaffy Moeel, Esq.

Efile.dkt.gc2@usdoj.gov              shaffy_moeel@fd.org

David L. Baker, Esq.

dlbakerlaw@aol.com

I declare under penalty of perjury under the laws of the United States, State of California that the foregoing is true and correct and that this declaration was executed on August 6, 2008.

*[signature]*
Melissa L. Bustarde, Esq.
Mayfield & Associates

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

United States v. Gonzales Landeros (08 mj 2026)/(08 cr 2528-JLS)
United States v. Cortez-Copado (08 mj 2026)/(08 cr 2528-JLS)
2 of 2                                    Proof of Service Via E-File